IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOE L. AMERSON, JR.**                                                                                         **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 3:15cv-225-CWR-FKB**

**LATASHA CLAY, ET AL.**                                                                               **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

**COMES NOW,** Defendant, Latasha Clay, and submits this memorandum brief in support of her Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies, and would show as follows:

*Factual Background*

Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") housed at all times pertinent to this cause at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Plaintiff alleges that Defendant, an employee in the Inmate Legal Assistance Program at SMCI, denied him assistance with his legal matters because he is black and because he is a muslim. This claim is the only remaining claim in the present cause as all other claims have been dismissed. [See Order of Partial Dismissal, [49]].

*Summary Judgment Standard*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element

essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F. 2d 1121, 1122 (5th Cir. 1988).

If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F. 2d 787, 793 (5th Cir. 1990). All facts are considered in favor of the non-moving party, including all reasonable inferences from those facts. *Banc One Capital Partners Corp. v. Kneipper*, 67 F. 3d 1187, 1198 (5th Cir.1995). There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *(Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990)), "unsubstantiated assertions", *(Hopper v. Frank*, 16 F. 3d 92, 94 (5th Cir. 1994)), or the presence of a "scintilla of evidence," *(Davis v. Chevron U.S.A., Inc.*, 14 F. 3d 1082, 1086 (5th Cir. 1994)), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F. 3d at 1075.

*Argument*

1.   **Failure to Exhaust Available Administrative Remedies**

At all relevant times, Plaintiff was lawfully confined and in the custody of the Mississippi Department of Corrections ("MDOC") as a convicted felon. As set forth by the Supreme Court, the

Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e *et seq*, and its requirement that inmates exhaust their administrative remedies prior to filing suit, was enacted by Congress an in effort to address the large number of prisoner complaints filed in federal courts. See *Jones v. Bock*, 549 U.S. 199, 202 (2007).  Simply put, the exhaustion requirement is meant to be an effective tool to help weed out the frivolous claims from the non-frivolous ones, as follows:

> Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts. *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4, 126 S.Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
>
> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. See *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.

*Jones v. Bock*, 549 U.S. 199, 203 (2007).

Miss. Code Ann. § 47-5-801 (as amended) grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint or grievance relating to any aspect of their incarceration. MDOC's ARP received court approval in *Gates v. Collier*, GC 71–6–S–D (N.D. Miss.

1971) (order dated February 15, 1994). Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step process. See *Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. 2011).

The ARP's two-step process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the second step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will issue a final ruling, or Second Step Response. *Id*. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "A prisoner must exhaust the administrative remedies irrespective of the forms of relief sought and offered through administrative avenues." *Ferrington v. Louisiana Dep't of Corr.*, 315 F. 3d 529, 531 (5th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)). The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford*, 548 at 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"

because "proper exhaustion of administrative remedies is necessary." *Woodford*, 548 U.S. at 83-84.[1]

"Indeed... a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

> As set forth by the United States Supreme Court in *Woodford*:
>
>> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction.

548 U.S. at 95. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F. 3d 260, 266 (5th Cir. 2010). Furthermore, "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.

As set forth in the affidavit of Joseph Cooley, Plaintiff has not filed an Administrative Remedy Program grievance regarding allegations that Defendant has discriminated against him because he is black and a muslim. *See Exhibit "A" to Motion*. Accordingly, Plaintiff has failed to exhaust his administrative remedies regarding his claim against Defendant Latasha Clay, the sole remaining Defendant in this cause, and she should be dismissed and the case closed.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that the

---

[1] See also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules").

Court grant her Motion for Summary Judgment and enter an order dismissing the claims against Ms. Clay and closing the present case. Defendant prays for such other general relief that the Court deems appropriate.

Respectfully submitted this the 13th day of April, 2016.

**LATASHA CLAY, DEFENDANT**

**JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

BY:   */s/ Tommy D. Goodwin*
      Tommy D. Goodwin

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3523
Telefax: (601) 359-2003
Email: *tgood@ago.state.ms.us*

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have caused to be mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following non-ECF participant:

Joe L. Amerson, Jr.
#36217
SMCI
2-D-1-B #157
P.O. Box 1419
Leakesville, MS 39451
Pro Se

This, the 13th day of April, 2016.

                  */s/ Tommy D. Goodwin*