IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOE L. AMERSON, JR.**                                                            **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:15-CV-225-CWR-FKB**

**LATASHA CLAY**                                                             **DEFENDANT**

**ORDER**

Joe L. Amerson, Jr. alleges that Latasha Clay violated the Equal Protection Clause when she denied him access to the inmate legal assistance program because of his race and religion. Docket Nos. 34, at 2 (plaintiff's allegations); 49, at 12 (Order permitting Equal Protection claim to proceed to service of process).

Clay has now moved for summary judgment. Docket No. 75. She contends that the plaintiff failed to exhaust his administrative remedies before filing this suit. *Id.* An affidavit from the institution's custodian of administrative remedy records attests to that fact. Docket No. 75-1. The plaintiff responds that the administrative process takes too long, arguing that the fact that his case was screened (and he was granted IFP status) by this Court means he had no need to exhaust administrative remedies. Docket Nos. 81, at 8-10; 83. He also asks for counsel and an expert to assist him with his case. Docket No. 81, at 9.

"Exhaustion of available administrative remedies is a threshold requirement for the filing of a prisoner § 1983 action." *Moran v. Jindal*, 450 F. App'x 353, 353 (5th Cir. 2011) (citations omitted). The Fifth Circuit "takes a strict approach to the exhaustion requirement." *Id.* (citation and quotation marks omitted).

Given this circuit's "strict approach," the plaintiff's arguments for avoiding summary judgment lack merit. He has not argued or provided evidence that he attempted to exhaust his

administrative remedies before filing suit, or that prison officials created an impediment that would excuse his failure to exhaust administrative remedies. *E.g.*, *Thomas v. Prator*, 172 F. App'x 602, 603 (5th Cir. 2006).

Nor is the plaintiff's "screening" argument enough. Prisoners are not required to prove administrative exhaustion in their complaints, *see Jones v. Bock*, 549 U.S. 199, 215 (2007), so the court's screening process does not examine the issue. Administrative exhaustion is instead an affirmative defense that is raised by defendants when they are brought into a case. *Id.* That is exactly what happened here.

Because the plaintiff failed to exhaust administrative remedies, and because the initial screening of a case is not a determination that a plaintiff's claim was properly exhausted, Clay's motion for summary judgment is granted. This resolves all of the claims against all of the defendants in this action. A separate Final Judgment will issue.

**SO ORDERED**, this the 12th day of October, 2016.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE